JOHN R. COOK, plaintiff in error, vs. JOHN BARNETT, defendant in error.

[1.] An action, (set off), to recover back money lost at cards, founded on the Act of 1764, against lotteries and gaming is not one of the actions for the not bringing of which, the non-residence of the parties subject to them, is made an excuse by the limitation Act of 1806, or that of 1839.

[2.] In such an action, the winner is compellable to discover the gaming, under the discovery Act of 1847, and the Acts amendatory of that Act.

Complaint, from Houston county. Tried before Judge LAMAR, April Term, 1858.

Barnett sued Cook on a due bill for $220, payable to him, dated March 18, 1854.

To this Cook pleaded this plea, that before and at the time of the institution of this action, the plaintiff was and from thence, hitherto hath been and still is indebted to defendant in the sum of $800, won by plaintiff of him at a game of cards

about the 12 March 1854, which he was ready and willing to credit with the amount of the due bill, and asked a verdict and judgment in his favor for $580.

The suit was commenced on the 2d of September, 1856. The plaintiff read in evidence the due bill and closed his case.

Defendant offered to read in evidence the answers to certain interrogatories propounded to plaintiff, which stated that the due bill was given in Albany a few days after he (plaintiff) had won from defendant about $800 at cards, which sum was paid as won. This due bill was given for money loaned, which was not loaned to bet with and was not won of defendant after it was loaned, as he never played with him after the loan. The time he won the $800 was the only time he ever played with defendant, and after they quit playing, defendant owed him nothing for he paid as he lost.

The answer also stated that the plaintiff was and had always been a citizen and resident of North Carolina, and that he left Georgia some ten or fifteen days after winning the money.

The Plaintiff's counsel objected to reading the said answers in evidence, upon the ground that the subject matter of defendant's set off was barred by the statute of limitations, and that they tended to criminate plaintiff.

Which said objection was sustained by the Court, whereupon defendant's counsel excepted.

The verdict of the jury was in favor of the plaintiff for the full amount &c. On the exception error is assigned.

Cook & Montfort, for plaintiff in error.

Hunter & Ellis, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

The Court below held, that, according to the offered evidence, the set off was barred by the statute of limitations.

The counsel for Cook admit this decision to be right, unless it is contrary to something, in the limitation Act of 1806, or that of 1839, but they say, that it is contary to the provision in those Acts, respectively, relating to non-residents.

The provision in the Act of 1806, (an Act which revives the Act of 1767,) is, that, "if any person or persons that is, or shall be, entitled to any such action of tresspass, detinue, action of trover, replevin, actions of account, actions of debt, actions of trespass for assault, menace, battery, wounding, or imprisonment, actions on the case for words, be, or shall be, at the time of any such cause of action given or accrued, fallen, or come, within the age of twenty-one years, *feme covert*, *non compos mentis*, imprisoned, or where the defendant shall remove out of the jurisdictional limits of this State, that, then, such person or persons shall be at liberty to bring the same actions, so as they take the same within such times as before is limited, after their coming to, or being of, full age, discovert, of sane memory, at large, or the return of the defendant into the same, as by other persons having no such impediment should be done."

The benefit of this provision, is given to those entitled to the sort of actions refered to, by the limitation Act of 1767, the revived Act.

[1.] But the plea of set off in the present case, even if considered as an action, is not one of *those* actions. It is founded on the Act of 1764, to suppress lotteries and prevent gaming; or on the Act of 1765, to amend that Act; and the Act of 1767, does not refer to any action founded on either of those two Acts.

A similar remark is to be made as to the Act of 1839. That Act includes only cases "founded on bonds, or instruments under seal;" and "upon notes, and other acknowledgements under the hand of the party." This set off not being founded upon anything of these kinds, the case made by it, is not within the Act of 1839.

We think, then, that the Court below was right, in holding the set off barred by the statute of limitations.

That Court also held, that the answers ought not to be read, because they would criminate the party making them, Barnett.

[2.] The decision of the other question, being such as it was, renders it unnecessary to decide the question here arising. Still, we think it proper to say, that we regard this ground as insufficient. True, the Act of 1764, says, that persons liable to be sued under it, shall be obliged "to answer upon oath such bill or bills in Equity, as shall be preferred against" them; and the answers in this case were not answers to a bill in Equity, but, to interrogatories propounded under the late discovery Acts; yet, according to those Acts, the answers they provide for, "shall be evidence at the trial of the cause, in the same manner, and to the same purpose and extent, and upon the same condition in all respects as if the same had been procured upon a bill in Chancery for discovery." *Cobb Dig.* 465, 726.

Judgment affirmed, but not on this ground.